**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**
**(Civil Division)**

| | |
|---|---|
| **TANIKA GRAY** ) | |
| **1389 Congress Street, S.E.,** ) | |
| **Apt # 3** ) | **Case No:** |
| **Washington D.C. 20032** ) | |
| ) | **JURY DEMAND** |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | |
| ) | |
| **DISTRICT OF COLUMBIA** ) | |
| **441 4th Street, N.W.,** ) | |
| **Washington D.C. 20001** ) | |
| ) | |
| **SERVE:** ) | |
| ) | |
| **Mayor Muriel Bowser** ) | |
| **1350 Pennsylvania Avenue** ) | |
| **Washington D.C. 20001** ) | |
| ) | |
| **Attorney General Karl A. Racine** ) | |
| **Office of the Attorney General** ) | |
| **441 4th Street, N.W.,** ) | |
| **Washington D.C. 20001** ) | |
| ) | |
| **And** ) | |
| ) | |
| **OFFICER JOHN STADNIK** ) | |
| **Metropolitan Police Department** ) | |
| **Individually and in his official capacity** ) | |
| **Seventh District Station** ) | |
| **2455 Alabama Avenue, S.E.,** ) | |
| **Washington D.C. 20020** ) | |
| ) | |
| **And** ) | |
| ) | |
| **OFFICER ARABIA THOMAS** ) | |
| **Metropolitan Police Department** ) | |
| **Individually and in her official capacity** ) | |
| **Seventh District Station** ) | |
| **2455 Alabama Avenue, S.E.,** ) | |
| **Washington D.C. 20020** ) | |
| ) | |

**And**    )
    )
**OFFICER SIMEON NORFLEET**    )
**Metropolitan Police Department**    )
**Individually and in his official capacity**    )
**Seventh District Station**    )
**2455 Alabama Avenue, S.E.,**    )
**Washington D.C. 20020**    )
    )
**And**    )
    )
**OFFICER KENNETH DEUTSCHKRON**    )
**Metropolitan Police Department**    )
**Individually and in his official capacity**    )
**Seventh District Station**    )
**2455 Alabama Avenue, S.E.,**    )
**Washington D.C. 20020**    )
    )
**And**    )
    )
**OFFICER JENDY OLIVO**    )
**Metropolitan Police Department**    )
**Individually and in his official capacity**    )
**Seventh District Station**    )
**2455 Alabama Avenue, S.E.,**    )
**Washington D.C. 20020**    )
    )
**And**    )
    )
**OFFICER MORGAN SMILEY**    )
**Metropolitan Police Department**    )
**Individually and in his official capacity**    )
**Seventh District Station**    )
**2455 Alabama Avenue, S.E.,**    )
**Washington D.C. 20020**    )
    )
**And**    )
    )
**UNNAMED J. DOE OFFICERS (being the**    )
**fictitious names of agents and employees of**    )
**the D.C. Metropolitan Police Department who**    )
**are not presently known to the Plaintiff)**    )    )
**Metropolitan Police Department**    )
**Individually and in their official capacity**    )
**Seventh District Station**    )
**2455 Alabama Avenue, S.E.,**    )

2

Washington D.C. 20020                              )
                                                   )
                Defendants.                        )
_____    )

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW, Plaintiff, Tanika Gray, by and through her attorneys, Brian K. McDaniel, Esq., and The McDaniel Law Group, P.L.L.C. and brings this action against the Defendants, District of Columbia, Officer John Stadnik, Officer Arabia Thomas, Officer Simeon Norfleet, Officer Kenneth Deutschkron, Officer Jendy Olivo, Officer Morgan Smiley and Unnamed J. Doe Officers and alleges the following:

## INTRODUCTION

1.      On August 17, 2019, at or about 6:30 pm, in and about the 1200 block of Valley Avenue, S.E., Washington D.C. 20032, Plaintiff Tanika Gray's nephew, a minor, was being held in custody by Metropolitan Police Officers. Concerned for her nephew's safety, in addition to the fact that her nephew's parents left him in her care, Plaintiff Tanika Gray came to the area where her nephew was being held. Upon attempting to learn of the status of her nephew, Plaintiff Tanika Gray was assaulted by a female officer of the District of Columbia Metropolitan Police Department believed to be either Defendant Arabia Thomas or Morgan Smiley, while other officers of the District of Columbia Metropolitan Police Department, including Defendant officers, John Stadnik, Arabia Thomas, Simeon Norfleet, Kenneth Deutschkron, Jendy Olivo and Morgan Smiley failed to intervene, provide assistance or otherwise stop the assault.

2.      The Defendants, Officers John Stadnik, Arabia Thomas, Simeon Norfleet, Kenneth Deutschkron, Jendy Olivo and Morgan Smiley violated the Plaintiff Tanika Gray's rights under the Fourth Amendment to the Constitution of the United States through their actions fully described below.

3

## JURISDICTION AND VENUE

3.      This action arises under the Constitution of the United States, the Civil Rights Act, 42 U.S.C. § 1983, the laws of the District of Columbia, particularly D.C. Code §§ 12-301 and 12-309, and the common law.

4.      This Court has jurisdiction over the Plaintiff Tanika Gray's claim under 28 U.S.C. § 1331 (federal question) and under 28 U.S.C. § 1343 (civil rights deprivation).

5.      On September 26, 2019, Plaintiff Tanika Gray, through counsel, and pursuant to D.C. Code § 12-309 sent written notice by certified mail, return receipt requested, to Defendant District of Columbia of her intent to sue based on the incident that occurred on August 17, 2019. Defendant District of Columbia received the notice on October 1, 2019.

6.      Venue is proper in the District of Columbia because this is where Plaintiff Tanika Gray resides, where the Defendants are employed, and where the events complained of occurred.

## PARTIES

7.      Plaintiff, Tanika Gray, (hereinafter referred to as 'Plaintiff') now and at all times relevant to this claim, is an adult resident of the District of Columbia who resides at 1389 Congress Street, S.E., Apt # 3, Washington D.C. 20032.

8.      Defendant, Officer John Stadnik, (hereinafter referred to as 'Defendant Stadnik') who is sued in his individual and official capacities, is now, and was at all relevant times, an officer with the Seventh District of the District of Columbia Metropolitan Police Department located at 2455 Alabama Avenue, S.E., Washington D.C. 20032.

9.      Defendant, Officer Arabia Thomas, (hereinafter referred to as 'Defendant Thomas') who is sued in her individual and official capacities, is now, and was at all relevant

times, an officer with the Seventh District of the District of Columbia Metropolitan Police Department located at 2455 Alabama Avenue, S.E., Washington D.C. 20032.

10.     Defendant, Officer Simeon Norfleet, (hereinafter referred to as 'Defendant Norfleet) who is sued in his individual and official capacities, is now, and was at all relevant times, an officer with the Seventh District of the District of Columbia Metropolitan Police Department located at 2455 Alabama Avenue, S.E., Washington D.C. 20032.

11.     Defendant, Officer Kenneth Deutschkron, (hereinafter referred to as 'Defendant Deutschkron) who is sued in his individual and official capacities, is now, and was at all relevant times, an officer with the Seventh District of the District of Columbia Metropolitan Police Department located at 2455 Alabama Avenue, S.E., Washington D.C. 20032.

12.     Defendant, Officer Jendy Olivo, (hereinafter referred to as 'Defendant Olivo') who is sued in his individual and official capacities, is now, and was at all relevant times, an officer with the Seventh District of the District of Columbia Metropolitan Police Department located at 2455 Alabama Avenue, S.E., Washington D.C. 20032.

13.     Defendant, Morgan Smiley, (hereinafter referred to as 'Defendant Smiley') who is sued in her individual and official capacities, is now, and was at all relevant times, an officer with the Seventh District of the District of Columbia Metropolitan Police Department located at 2455 Alabama Avenue, S.E., Washington D.C. 20032.

14.     In additional to the named Defendant, unknown employees of the District of Columbia Metropolitan Police Department are sued herein in their individual and official capacities under the fictitious names of J. Doe Officers because their true names, capacities and/or degree of responsibility for the acts alleged herein are unknown to Plaintiff at this time. When Plaintiff ascertains this information, she will amend this Complaint accordingly. The Unnamed J.

Doe Officers are or were at all times mentioned herein employees of the D.C. Metropolitan Police Department. Upon information and belief, Unnamed J. Doe Officers are legally liable to the Plaintiff.

15.     At all times relevant to this action, Defendant officers were acting under the color of law under their authority as officers of the District of Columbia, and under color of the statutes, ordinances, regulations, policies, customs and usage of the District of Columbia.

16.     Defendant, District of Columbia, is a municipal corporation of the local government of Washington D.C., and operates and governs the Metropolitan Police Department pursuant to the laws of the District of Columbia. In this case, the District of Columbia acted through its agents, employees and servants, including Defendant Officers Stadnik, Thomas, Norfleet, Deutschkron, Olivo and Smiley.

## STATEMENT OF FACTS

17.     On August 17, 2019, Plaintiff was attending the Valley Green Day in the 1200 block of Valley Avenue, S.E., Washington D.C.

18.     Plaintiff's nephew, a minor, was left in her care to attend the Valley Green Day Event.

19.     At or about 6:30 pm, District of Columbia Metropolitan Police Department officers from the seventh district arrived in the area of the 1200 block of Valley Avenue S.E., Washington D.C during the Valley Green Day event.

20.     The seventh district officers that arrived in the area of the 1200 block of Valley Avenue, S.E., Washington D.C. included Officers John Stadnik, Arabia Thomas, Simeon Norfleet, Kenneth Deutschkron, Jendy Olivo, and Morgan Smiley.

21.     Upon information and belief, there were other unnamed J. Doe Officers that arrived in the area of the 1200 block of Valley Avenue, S.E., Washington D.C. on August 17, 2019 during the time of the occurrence.

22.     The officers stopped and placed in custody the Plaintiff's nephew.

23.     A patron at the Valley Green Day event observed the Plaintiff's nephew being taken into custody. The patron located the Plaintiff and informed her that her nephew was being arrested.

24.     Concerned for her nephew, Plaintiff came to the area where her nephew was being held in custody.

25.     Upon arriving at the location where her nephew was being held in custody, Plaintiff attempted to learn the reason for her nephew being taken into custody. There was a large crowd of people in the area.

26.     A female District of Columbia Metropolitan police officer believed to be Defendant Arabia Thomas or Defendant Morgan Smiley or other female unnamed J. Doe Officer, told the Plaintiff to 'get your fat ass out of the street'. Plaintiff responded to the female officer by saying 'Fuck you'.

27.     A person in the crowd threw a football in the direction of the female officer. Upon information and belief, the football did not strike the female officer.

28.     Upon observing the football being thrown in her direction, the female officer charged at the Plaintiff, grabbing her arms and twisting them behind her back with such force that it caused the Plaintiff significant pain. Plaintiff had her hands up as the female officer charged at her.

29.     The female officer placed the Plaintiff in handcuffs. The handcuffs were placed on her hands very tightly causing the Plaintiff to complain of the pain it caused to her wrist.

30.     While the Plaintiff was in handcuffs and the female officer was taking the Plaintiff to the cruiser, the female officer aggressively and unnecessarily pushed the Plaintiff into the door of the cruiser. As a result of pushing the Plaintiff into the cruiser door, the Plaintiff struck her arm and elbow causing her significant pain.

31.     Plaintiff did not throw the football at the female officer nor did she resist the female officer when she charged at her and aggressively grabbed her.

32.     Defendant officers including Stadnik, Norfleet, Deutschkron, Olivo, Smiley and/or Thomas and other unnamed J. Doe Officers watched as the female officer took the aforementioned action against the Plaintiff. None of the aforementioned officers took any action to stop the female officer's conduct towards the Plaintiff.

33.     Prior to being taken to the seventh district station to be processed, Plaintiff was taken to Howard University Hospital to be treated for the injuries she sustained as a result of the actions of the female officer.

34.     While at Howard University Hospital, the Plaintiff was under constant police custody and was not free to leave. The officers wore police uniforms and had firearms.

35.     At Howard University Hospital, Plaintiff had x-rays taken of her wrist, forearm and elbow. Plaintiff was prescribed Percocet for the pain.

36.     After receiving treatment at Howard University Hospital, Plaintiff was transported to Seventh District Station where she was processed and then transferred to Central Cell Block.

37.     Defendant Stadnik authored an incident report with CCN #19145795 in which it charged the Plaintiff with the offense of Assault of a Police Officer.

38.     After spending almost two days in the Central Cell Block, Plaintiff was presented before a judicial officer at which time the charges against her were no papered on August 19, 2019.

39.    At all times relevant to the events described herein, the Plaintiff was not committing any crime and was obeying all laws.

40.    At no time did Defendants Stadnik, Thomas, Norfleet, Deutschkron, Olivo and Smiley or unnamed J. Doe Officers have probable cause to arrest the Plaintiff, nor did they have reasonable articulable suspicion to stop or detain the Plaintiff. Additionally, the defendant named and unnamed officers had no legal justification for their actions.

41.    Defendants Stadnik, Thomas, Norfleet, Deutschkron, Olivo, Smiley and unnamed J. Doe Officers acted intentionally and/or recklessly and with deliberate disregard to the Plaintiff's constitutional and common law rights, and in intentional or reckless disobedience of the District of Columbia Metropolitan Police Department regulations.

42.    The use of unreasonable and/or excessive force by the Defendants Stadnik, Thomas, Norfleet, Deutschkron, Olivo and Smiley and other unnamed J. Doe Officers are subject to specific regulation(s), and/or order(s) and/or standard(s), including but not limited to, General Orders 901.07, 201.26 and 501.07, Special Order 97-31, and the Spectrum of Force and Use of Force Continuum.

43.    The battering of the Plaintiff by the Defendants Stadnik, Thomas, Norfleet, Deutschkron, Olivo and Smiley and other unnamed officers were in direct violation of any and all applicable regulation(s) and/or order(s) and/or standard(s), including but not limited to, General Orders 901.07, 201.26 and 501.07, Special Order 97-31, and the Spectrum of Force and Use of Force Continuum.

44.    No reasonable police officer could have believed that there was a need to assault, detain, and arrest the Plaintiff even though she had not committed any crime and was not resisting arrest.

45.     Police officers have a duty to intercede when they witness a deprivation of rights by other officers in progress. Defendant officers knowingly and intentionally failed to intercede to prevent the violation of the Plaintiff's rights.

46.     At all relevant times, Defendants Stadnik, Thomas, Norfleet, Deutschkron, Olivo and Smiley:

   a.  Wore apparel of the District of Columbia Metropolitan Police Department;

   b.  Used the resources of the District of Columbia Metropolitan Police Department;

   c.  Were on active duty as officers of the District of Columbia Metropolitan Police Department;

   d.  Acted under their authority as officers of the District of Columbia Metropolitan Police Department; and

   e.  Acted under the color of law, statute, ordinance, regulations, custom and usage of the District of Columbia.

47.     The Plaintiff suffered significant physical injuries and pain as a result of the conduct of Defendants Stadnik, Thomas, Norfleet, Deutschkron, Olivo and Smiley.

## CLAIMS FOR RELIEF

**First Claim for Relief – 42 U.S.C. § 1983 – Excessive Force in violation of the Fourth Amendment**
(Against Defendants Thomas, Smiley and/or Unnamed J. Doe Officers)

48.     Plaintiff hereby incorporates all other paragraphs of this Complaint as if fully set forth herein.

49.     42 U.S.C. § 1983 provides that:

> Every person, who under color of any statute, ordinance, regulation, custom or usage of any state or territory or the District of Columbia subjects or causes to be subjected any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the

constitution and law shall be liable to the party injured in an action at law, suit in equity, or other appropriate proceeding for redress…

50.     Plaintiff in this action is a citizen of the United States and all of the individual Defendant officers to this claim are persons for purposed of 42 U.S.C. § 1983.

51.     Defendants Thomas, Smiley and Unnamed J. Doe Officers to this claim, at all times relevant hereto, were acting under the color of state law in their capacity as District of Columbia police officers and their acts or omissions were conducted within the scope of their official duties or employment.

52.     Plaintiff did not engage in any criminal conduct.

53.     Plaintiff was not a threat to the safety of the police, herself or others.

54.     Plaintiff did not resist arrest or evade arrest by flight.

55.     Plaintiff had a clearly established constitutional right under the Fourth Amendment to be secure in her person from unreasonable seizure through excessive force.

56.     Any reasonable police officer knew or should have known of these rights at the time of the complained of conduct as the rights were clearly established at the time of the complained of conduct.

57.     Defendants, Thomas', Smiley's and/or Unnamed J. Doe Officers' actions and use of force, as described herein, were objectively unreasonable in light of the facts and circumstances confronting them and violated the Fourth Amendment rights of the Plaintiff.

58.     Defendants, Thomas', Smiley's and/or Unnamed J. Doe Officers' actions and use of force, as described herein, were also malicious and/or involved reckless, callous, and deliberate indifference to the Plaintiff's federally protected rights. The force used by these Defendant officers shocks the conscience and violated the Plaintiff's rights under the Fourth Amendments of the Constitution of the United States.

11

59.     Defendants, Thomas', Smiley's and/or Unnamed J. Doe Officers unlawfully seized the Plaintiff by means of objectively unreasonable, excessive and conscious shocking physical force, thereby unreasonably restraining the Plaintiff of her freedom.

60.     The force used constituted deadly force in that it could have caused death and did cause serious bodily injury.

61.     Defendants, Thomas, Smiley and/or Unnamed J. Doe Officers engaged in the conduct described by the Complaint willfully, maliciously, in bad faith, and in reckless disregard of the Plaintiff's federally protected constitutional rights.

62.     Defendants Thomas, Smiley, and/or Unnamed J. Doe Officers did so with shocking and willful indifference to Plaintiff's rights and their conscious awareness that they would cause Plaintiff severe physical and emotional injuries.

63.     The acts or omissions of Defendants Thomas, Smiley and/or Unnamed J. Doe Officers were the moving forces behind Plaintiff's injuries.

64.     The acts or omissions of Defendants Thomas, Smiley and/or Unnamed J. Doe Officers as described herein intentionally deprived Plaintiff of her constitutional rights and caused her other damages.

65.     Defendants Thomas, Smiley, and/or Unnamed J. Doe Officers, by means of physical force and show of authority complained of herein, restrained the liberty of the Plaintiff.

66.     Given the circumstances, no reasonable person in Plaintiff's position would have believed herself free to leave.

67.     Plaintiff submitted to the authority of Defendants Thomas, Smiley and/or Unnamed J. Doe Officers.

68.     Defendants Thomas, Smiley and/or Unnamed J. Doe Officers as government officials intentionally applied means to terminate the Plaintiffs' freedom of movement.

69.     Defendants Thomas, Smiley and/or Unnamed J. Doe Officers are not entitled to qualified immunity for the complained of conduct.

70.     As a proximate result of Defendants Thomas', Smiley's and/or Unnamed J. Doe Officers unlawful conduct, Plaintiff has suffered actual physical injuries, and other damages and losses as described herein entitling her to compensatory and special damages. As a further result of the Defendants' unlawful conduct, Plaintiff has incurred special damages, including medically related expenses and may continue to incur further medically and other special damages related expenses. Plaintiff is therefore entitled to money damages pursuant to 42 U.S.C. § 1983 to compensate her for her injuries and for the violation of her constitutional and civil rights.

71.      On information and belief, Plaintiff may suffer lost future earnings and impaired earnings capacities from the not yet fully ascertained sequelae of her injury. Plaintiff is further entitled to attorneys' fees and costs pursuant to 42 U.S.C. § 1988, pre-judgment interest and costs as allowable by federal law.

72.     In addition to compensatory, economic, consequential and special damages, Plaintiff is entitled to punitive damages against Defendants, Thomas, Smiley and/or Unnamed J. Doe Officers under 42 U.S.C. § 1983, in that the actions of each of these individual Defendants have been taken maliciously, willfully or with a reckless or wanton disregard of the constitutional rights of Plaintiff.

**Second Claim for Relief – 42 U.S.C. § 1983 – Bystander Liability in violation of the Fourth Amendment**
(Against Defendants Stadnik, Thomas, Norfleet, Deutschkron, Olivo, Smiley and Unnamed J. Doe Officers)

73.     Plaintiff hereby incorporates all other paragraphs of this Complaint as if fully set forth herein.

74.     Individual named Defendants and Unnamed J. Doe Officers' reckless use of force against the Plaintiff was so excessive, violent and beyond the bounds of decency that it shocks the conscience. Individual named Defendants and Unnamed J. Doe Officers intended to cause harm to the Plaintiff, and their use of force was unrelated to any legitimate law enforcement objective or concern for their personal safety.

75.     Individual named Defendants and Unnamed J. Doe Officers who may have not been directly involved in the use of excessive force but who observed the use of excessive force, are liable as bystanders. These Individual named Defendants and Unnamed J. Doe Officers were aware that their fellow officers were using excessive force, in violation of the Plaintiff's Fourth Amendment rights, had a reasonable opportunity to prevent the harm and yet chose not to act.

76.     Individual named Defendants and Unnamed J. Doe Officers' acts, which were performed while acting under the color of District of Columbia law, violated Plaintiff's rights. Individual named Defendants and Unnamed J. Doe Officers are liable to Plaintiff under 42 U.S.C. § 1983.

77.     As a direct result of the Individual named Defendants and Unnamed J. Doe Officers' use of excessive force in violation of Plaintiff's Fourth Amendment right, Plaintiff has suffered extensive damages including, but not limited to, physical injuries, pain and suffering and medical expenses.

78.     Individual named Defendants and Unnamed J. Doe Officers acted knowingly, intentionally, maliciously and with deliberate and callous indifference to Plaintiff's personal safety, constitutional rights and with the intent to harm the Plaintiff. Because of these acts, Plaintiff

is entitled to an award of punitive damages against Defendants Stadnik, Thomas, Norfleet, Deutschkron, Olivo, Smiley and Unnamed J. Doe Officers.

### Third Claim for Relief – Assault
(Against Defendants Thomas, Smiley and/or Unnamed J. Doe Officers)

79.     Plaintiff hereby incorporates all other paragraphs of this Complaint as if fully set forth herein.

80.     Plaintiff was in fear of imminent bodily harm when Defendant Thomas, or Defendant Smiley or Defendant Unnamed J. Doe Officer approached her in an aggressive manner, aggressively pulling her arms behind her back and then slamming her into the door of the police cruiser.

81.     Defendant Thomas, or Defendant Smiley, or Defendant Unnamed J. Doe Officer intentionally threatened the Plaintiff with imminent bodily harm when she aggressively approached her, aggressively pulled her arms behind her back and then slammed her into the door of the cruiser.

82.     The actions of the Defendant Thomas, or Defendant Smiley and/or Defendant Unnamed J. Doe Officers were done without any reason or justification.

83.     Due notice under all applicable statutes has been given to the Defendants.

84.     The actions of the Defendant Thomas, or Defendant Smiley and/or Defendant Unnamed J. Doe Officers are the direct cause of the injuries described above. The Plaintiff is entitled to special damages which include pain and suffering, future pain and suffering and emotional trauma.

85.     The intentional and malicious actions of the Defendant Thomas, or Defendant Smiley,  and/or other Unnamed J. Doe Officers are the direct cause for the injuries described above.

The Plaintiff is entitled to punitive damages and special damages, including pain and suffering, and emotional trauma.

### Fourth Claim for Relief – Battery
(Against Defendants Thomas, Smiley and Unnamed J. Doe Officers)

86.     Plaintiff hereby incorporates all other paragraphs of this Complaint as if fully set forth herein.

87.     Defendant Thomas, or Defendant Smiley or Defendant Unnamed J. Doe Officers engaged in harmful and offensive contact of the Plaintiff by aggressively pulling her arms behind her back and then slamming her into the cruiser door causing her elbow and arm to strike the door. Defendant Thomas, or Defendant Smiley, or Defendant Unnamed J. Doe Officers engaged in abhorrent conduct despite not having probable cause to believe that the Plaintiff was engaged in any illegal activity.

88.     The actions of the Defendant Thomas, Defendant Smiley or Defendant Unnamed J. Doe Officers caused the Plaintiff serious physical and emotional injuries.

89.     Due notice under all applicable statutes has been given to the Defendants.

90.     The actions of the Defendant Thomas, Defendant Smiley, or Defendant Unnamed J. Doe Officers are the direct cause of the injuries described above. The Plaintiff is entitled to special damages which include pain and suffering, future pain and suffering and emotional trauma.

91.     The intentional and malicious actions of Defendant Thomas, Defendant Smiley, or Defendant Unnamed J. Doe Officers are the direct cause for the injuries described above. The Plaintiff is entitled to punitive damages and special damages, including pain and suffering and emotional trauma.

### Fifth Claim for Relief – False Imprisonment and False Arrest
(Against Defendants Stadnik, Thomas, Norfleet, Deutschkron, Olivo, Smiley and Unnamed J. Doe Officers)

92.     Plaintiff hereby incorporates all other paragraphs of this Complaint as if fully set forth herein.

93.     Defendants Stadnik, Thomas, Norfleet, Deutschkron, Olivo, Smiley and Unnamed J. Doe Officers did intentionally obstruct and detain the Plaintiff, over her continual objection, when they grabbed her aggressively, placing her in handcuffs and slamming her into the door of the cruiser.

94.     Plaintiff had not committed any criminal acts.

95.     Plaintiff reasonably believed it would be dangerous for her to attempt to flee in light of the presence of numerous MPD officers in this location.

96.     Defendants Stadnik, Thomas, Norfleet, Deutschkron, Olivo, Smiley and Unnamed J. Doe Officers did not have probable cause to arrest the Plaintiff and did not act with a reasonable belief that Plaintiff had violated the law.

97.     Defendants Stadnik, Thomas, Norfleet, Deutschkron, Olivo, Smiley and Unnamed J. Doe Officers were not justified in unlawfully and forcefully arresting the Plaintiff and depriving her of her freedom of movement.

98.     Plaintiff did not consent to the aforementioned unlawful and forceful arrest and detainment.

99.     The conduct of the Defendants Stadnik, Thomas, Norfleet, Deutschkron, Olivo, Smiley, and Unnamed J. Doe Officers vis-à-vis the Plaintiff, noted above, was both unlawful and unreasonable, and in violation of all relevant regulations.

100.    As a direct and proximate cause of Defendants Stadnik, Thomas, Norfleet, Deutschkron, Olivo, Smiley and Unnamed J. Doe Officers' actions, Plaintiff was caused economic

damages, including but not limited to expenses for hospital and other medical care, as well as expenses for future medical care.

101.    Defendants Stadnik, Thomas, Norfleet, Deutschkron, Olivo, Smiley and Unnamed J. Doe Officers should be held liable for the false detention of the Plaintiff and pay appropriate damages for the violation of her Constitutional and common law rights.

**Sixth Claim for Relief – Respondeat Superior**
(Against Defendant District of Columbia)

102.    Plaintiff hereby incorporates all other paragraphs of this Complaint as if fully set forth herein.

103.    At all relevant times during the circumstances described in this Complaint, Defendant officers were acting within the scope of their official duty as police officers of the District of Columbia Metropolitan Police Department and employees of the District of Columbia.

104.    The District of Columbia should be held liable for the common law claims against the Defendant officers and other unnamed MPD officers and pay appropriate damages to the Plaintiff.

**JURY DEMAND**

105.    Plaintiff demands a jury trial in the aforementioned matter.

**PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff requests that this Court:

(a)    RULES that the actions of the Defendants violated the rights of the Plaintiff under the Fourth Amendment to the United States Constitution and the laws of the District of Columbia;

(b)    ENTER JUDGMENT awarding the Plaintiff compensatory damages against all defendants in an amount of $1,000,000;

18

(c)     ENTER JUDGMENT awarding punitive damages against the Defendants Stadnik, Thomas, Norfleet, Deutschkron, Olivo and Smiley and other Unnamed J. Doe officers in an amount of $1,000,000;

(d)     ENTER JUDGMENT awarding Plaintiff costs and reasonable attorneys' fees in this action as provided in 42 U.S.C. § 1983; and

(e)     GRANT the Plaintiff any such other relief as the Court may deem just and proper.

Respectfully submitted,

THE MCDANIEL LAW GROUP, P.L.L.C.

/s/ Brian K. McDaniel
Brian K. McDaniel, Esq.
1001 L Street, S.E.,
Washington D.C. 20003
Tel: 202-331-0793
Fax: 202-331-7004